■ In the Matter of COUNTY OF NASSAU, Petitioner, v NASSAU COUNTY PUBLIC EMPLOYMENT RELATIONS BOARD, Respondent. CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Intervenor-Respondent. [724 NYS2d 453] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Nassau County Public Employment Relations Board, dated June 23, 1999, which, upon adopting the findings and recommendation of a Hearing Officer, made after a hearing, determined that employees of the Nassau Case Management Demonstration Project are employees of the County of Nassau and granted the petition of the intervenor-respondent, Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, to be certified as the negotiating representative of those employees.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The record supports the determination of the respondent Nassau County Public Employment Relations Board (hereinafter PERB) that employees of the Nassau Case Management Demonstration Project (hereinafter the Demonstration Project) are employees of the County of Nassau. The evidence adduced at the hearing shows that the County, through its Department of Mental Health, is solely in control of the terms and conditions of employment of the Demonstration Project employees, and that the employment is unequivocally or substantially public (*see, Matter of New York Pub. Lib. v New York State Pub. Empl. Relations Bd.,* 45 AD2d 271, *affd* 37 NY2d 752).

The evidence also supports PERB's conclusion that the five supervisors of the Demonstration Project are not managerial employees within the meaning of Civil Service Law § 201 (7) (a). These supervisors are not involved in policy formulation merely because they attend monthly meetings at which, based

upon their field experiences and technical expertise, they make suggestions on how to improve upon the methods by which mental health services are presented to the mentally ill residents of the County (*see, Matter of Lippman v Public Empl. Relations Bd.*, 263 AD2d 891; *Matter of Metropolitan Suburban Bus Auth. v Public Empl. Relations Bd.*, 48 AD2d 206). Nor are they involved in the administration of personnel. While they may be responsible for investigating allegations of employee misconduct and recommending appropriate sanctions, they perform these duties only in accordance with standards set by the Deputy Commissioner of the Department of Mental Health. They play no role in formulating these standards, and thus, only exercise routine roles (*see, Matter of Metropolitan Suburban Bus Auth. v Public Empl. Relations Bd.*, supra; *Matter of Board of Educ. v Helsby*, 42 AD2d 1056, *affd* 35 NY2d 877).

The County's remaining contentions are without merit. Ritter, J. P., McGinity, H. Miller and Townes, JJ., concur.